J-S17044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOEL GLASTON MUIR | |
| Appellant | No. 3016 EDA 2017 |

Appeal from the PCRA Order entered August 18, 2017,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0001707-2004.

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                     **FILED MAY 11, 2018**

Joel Glaston Muir appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and extensive procedural history as follows:

> [Muir] was found guilty of multiple counts, including first degree murder, following a jury trial from August 17, 2004-August 24, 2004, for crimes committed in the early morning hours of August 3, 2001.  Rian Wallace was approached by four men, including [Muir], following a basketball game where [Muir] and [three] other individuals engaged in a "gang ritual dance" designed to intimidate Mr. Wallace.  [Muir] and his co-conspirators identified themselves as members of the Crip Gang.  Two men, Michael Ziegler and Brandon Germany, came to the aid of Mr. Wallace.  Mr. Wallace left the parking lot where this incident occurred, and thirty minutes later Mr. Ziegler, Mr. Germany, and [two] other individuals left in a gold Ford Taurus.  Mr. Germany testified that Mr. Ziegler dropped off

the other [two] individuals before going to an after party. Mr. German and Mr. Ziegler stayed at the after party for a short time, and then drove to Janae Nixon's house. [Muir] and three other individuals were also in a car in that area. Mr. Germany exited the car, and Mr. Ziegler remained in the Taurus. Almost immediately after Mr. Germany exited, the car containing [Muir] and three other individuals sped away before returning with Nick Roberts in the driver's seat and [Muir] in the back seat. As the car containing [Muir] approached, Ms. Nixon, her friend[,] Ms. Beasley, and Mr. Germany entered Mr. Ziegler's car before driving away. They were followed by [Muir] and his co-conspirator, Mr. Roberts. Mr. Roberts pulled alongside the Taurus, and [Muir] began shooting at the occupants of the vehicle. One bullet struck Mr. Ziegler in the head, killing him. [Muir] was identified as the shooter by several individuals[,] including Hilton Johnson, Sheena Beasley, and Janae Nixon. Following the shooting, [Muir] disappeared, eventually being located in New York City two years later. After being found guilty, [Muir] was sentenced to life imprisonment without the possibility of parole on December 29, 2004, plus a consecutive term of 7-14 years for each aggravated assault conviction against the three victims: Brandon Germany, Sheena Beasley, and Janae Nixon.

[Muir] filed a direct appeal and the Superior Court affirmed on August 23, 2006. Thereafter, following a number of procedural turns, [the PCRA Court] reinstated [Muir's appellate rights], and [Muir] filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied March 29, 2012. On December 18, 2012, [Muir] filed a PCRA petition. Appointed counsel filed an amended petition, a second amended petition, and then a third amended petition. Following a hearing, [Muir's] PCRA petition was denied on May 22, 2014. Counsel withdrew following a [no-merit] letter, and [Muir] filed a *pro se* appeal on June 19, 2014. On October 27, 2015, the Superior Court affirmed the [PCRA] court's dismissal of [Muir's] PCRA petition. On January 13, 2017, [Muir] filed a second PCRA petition alleging newly discovered evidence. In an abundance of caution, this Court appointed counsel to review the merits of [Muir's] second petition, and counsel subsequently filed a no-merit letter. On July[] 19,

> 2017, this Court filed is Notice of Intent to Dismiss, and on August 18, 2017, this Court dismissed the Petition.

PCRA Court Opinion, 10/1/17, at 1-3. Muir filed this timely, *pro se* appeal.

Both Muir and the PCRA court have complied with Pa.R.A.P. 1925.

Muir raises the following issues:

> I. Whether the PCRA court erred in finding [Muir's] instant PCRA petition untimely that was predicated upon the discovery of newly discovered facts under the purview of 42 Pa.C.S. § 9545(b)(ii)?

> II. Whether the PCRA court erred in dismissing [Muir's] PCRA petition without conducting an evidentiary hearing?

Muir's Brief at 2 (excess capitalization omitted).

We first determine whether the PCRA court correctly concluded that Muir's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016).

Because he did not seek further review following the denial of his petition for allowance of appeal by our Supreme Court on March 29, 2012, Muir's judgment of sentence became final on June 27, 2012, when the ninety-day time period for filing a writ of *certiorari* with the United States

---

[1] The exceptions to the timeliness requirement are:

> (I) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until June 27, 2013, to file a timely PCRA petition. As Appellant filed the instant petition in 2017, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Within his brief, Muir concedes that his latest petition is untimely, but he asserts that he "is entitled to a new trial based upon the 'NEWLY DISCOVERED FACTS' set forth in Brandon Germany's Affidavit which established that [Mr. Germany] was never interviewed/investigated by" trial counsel." Muir's Brief at 4-5. According to Muir, the "facts contained in Brandon Germany's affidavit were unknown to [Muir] and [were] not disclosed to him until November 21, 2016, when [Muir] encountered Germany in the prison gym at SCI Graterford[.]" **Id.** at 10. Muir then filed his PCRA petition within sixty days of receiving Mr. Germany's affidavit. Muir argues that, "contrary to the PCRA Court's finding, he is entitled to review of his claim under the 'newly-discovered facts exception,' set forth in 42 Pa.C.S. § 9545(b)(1)(ii)." **Id.** at 5 (emphasis omitted).

When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence.

***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Initially, we note the PCRA court recognized that, other than his statement within the affidavit that Muir's trial counsel never interviewed him, Germany provides no other facts concerning the incident that led to Muir's murder conviction. As the PCRA court stated, Muir "fails to state what evidence Mr. Germany would have provided if interviewed by the Defense, and he fails to even claim that such evidence would be favorable to him." PCRA Court Opinion, 10/13/17 at 5.

Moreover, our review of the record supports the PCRA court's conclusion that Muir did not prove due diligence. Indeed, our review of the record reveals that Muir intended to raise a claim of ineffectiveness of trial counsel for failure to interview Mr. Germany as early as 2006. ***See*** Muir's Letter, 10/11/06 (informing appellate counsel of issue Muir wished to raise in a future PCRA).[2] The fact that Muir could not confirm trial counsel's failure to interview Mr. Germany until he actually spoke with Mr. Germany many years later is of no significance. At best, Mr. Germany's affidavit bolsters Muir's previous claim of ineffectiveness. Allegations of

---

[2] This letter refutes Muir's assertion that "prior to [his conversation with Mr. Germany] and the information Mr. Germany divulged, [he] had no reason or motive to question [trial counsel's] failure to investigate." Muir's Brief at 17.

ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013); 42 Pa.C.S.A. § 9545(b)(4).

Finally, our review of record further reveals that this Court addressed Muir's claim of trial counsel's alleged ineffectiveness for failing to "investigate relevant witnesses," when we affirmed the dismissal of Muir's prior PCRA Petition. **Commonwealth v. Muir**, No. 1970 EDA 2014, unpublished memorandum at 12. We stated:

> Three of the witnesses that [Muir] claims should have been interviewed to support [his theory of self-defense] were Nixon, [Beasley], and Germany. However, as detailed *supra*, all three witnesses testified that Germany did not have a gun that night; thus, that testimony would not have been helpful to the defense. Accordingly, [Muir's] issue lacks arguable merit.

**Id.** at 13 (citation omitted). Thus, Muir's underlying ineffectiveness claim has been previously litigated under the PCRA. **See** 42 Pa.C.S.A. § 9544(a)(3) (providing that, under the PCRA, an issue has been previously litigated if it "has been raised and decided in a proceeding collaterally attacking the conviction or sentence.")

In sum, because Muir has failed to establish an exception to the PCRA's time bar, the PCRA court correctly concluded that it lacked

jurisdiction to consider the merits of the petition.[3]   We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18

---

[3] Given our determination that the PCRA court lacked jurisdiction over the second PCRA petition, we need not address Muir's claim that the PCRA court should have held a hearing prior to the dismissal of the petition.